PER CURIAM.
 

 [ 2This is an election contest in which the Mayor of the Village of Wilson, Louisiana, Joshua L. Thomas, is attempting to stop a recall election. The district court dismissed the suit on an exception of peremption and plaintiff appealed. For the following reasons, we affirm the dismissal of the suit.
 

 On November 30, 2009, the Governor issued Proclamation No. 79 BJ 2009, setting a recall election for March 27, 2010. On December 1, 2009, Thomas, acting pro se, filed a “Petition for Contesting the Certification of Recall Petition and Objection to Calling an Election,” naming the Secretary of State as the sole defendant and alleging irregularities in the recall petition. Plaintiff asked that the recall petition not be certified and that the Governor issue no proclamation.
 

 On December 21, 2009, the Secretary of State filed exceptions of no cause of action and failure to join a party needed for just adjudication, along with an answer. On January 7, 2010, plaintiff filed a motion for leave to file an amending petition, in which he added as defendants the Registrar of Voters for East Feliciana Parish, along with the chair and vice-chair of the recall committee and two other individuals. The amending petition sought, in addition to the relief requested in the original petition, to enjoin the scheduled election. The amending petition alleged that the parties named failed to comply with the law governing recall petitions and the certification thereof. On January 12, 2010, the district court granted the motion to amend.
 

 On February 1, 2010, the Secretary of State’s exceptions were heard. The Court
 
 *309
 
 granted the exception of no cause of action and dismissed as moot the exception of failure to name a party needed for just adjudication. A judgment reflecting this ruling was signed on March 8, 2010. No appeal was taken from this judgment.
 

 On February 26, 2010, plaintiff filed a “Petition and Order for Preliminary Injunction to Arrest and Enjoin the Recall Election,” in which he sought to enjoin the recall election.
 

 On March 11, 2010, the Registrar of Voters filed an exception of peremption, alleging that plaintiff had not timely filed his objection to the recall election under applicable statutory law. Defendants Debra Thomas, Yvonne Allen, and Timothy Perry filed exceptions of prescription and improper venue.
 

 The exceptions were heard on March 16, 2010. In a judgment dated that day, the court granted the Registrar’s exception of peremption, dismissed the suit with prejudice, and denied the exceptions of venue. Plaintiff appealed.
 

 Louisiana Code of Civil Procedure Article 927 provides that the appellate court may notice exceptions of no cause of action and res judicata on its own motion.
 

 We note, initially, that the judgment dismissing the suit against the Secretary of State was not appealed and is res judicata. We further observe that | .¡appellant’s petitions fail to state any cause of action under the Election Code against the remaining defendants. The relief sought — stopping the scheduled recall election — is not within the power of any defendant remaining in the suit. For this reason, the judgment of the district court dismissing the instant suit is affirmed.
 

 AFFIRMED.